IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1231

 Filed: 5 November 2019

Wayne County, No. 16CRS050564

STATE OF NORTH CAROLINA

 v.

GREGORY SCOTT COBURN, Defendant.

 Appeal by defendant from judgment entered on or about 15 December 2017 by

Judge William W. Bland in Superior Court, Wayne County. Heard in the Court of

Appeals 20 August 2019.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Melissa
 H. Taylor, for the State.

 Franklin E. Wells, Jr., for defendant-appellant.

 STROUD, Judge.

 Defendant appeals a judgment convicting him of assault with a deadly weapon

inflicting serious injury. On appeal defendant argues the trial court should have

instructed the jury on defense of habitation based upon North Carolina General

Statute § 14-51.2. Because defendant invited any error in the trial court’s

instructions as to self-defense and defense of habitation, defendant has waived review

of this issue, including plain error review. We thus conclude there was no error in

defendant’s trial .
 STATE V. COBURN

 Opinion of the Court

 I. Background

 The State’s evidence showed that Mr. William Howard Lancaster, Jr. had

owned the home where he also resided for 32 years. Mr. Lancaster was an

acquaintance of defendant and allowed defendant to move into the home at a time

when defendant was struggling to find a stable living arrangement. Defendant

occasionally paid Mr. Lancaster for the accommodations. Mr. Lancaster did not

consider himself to be renting the room but rather “helping [defendant] out” until he

was able to get a job and move. Defendant lived with Mr. Lancaster for approximately

four months, and in February of 2016, Mr. Lancaster asked defendant to leave.

Shortly thereafter, Mr. Lancaster went to the home with Tony Anderson. Mr.

Anderson and defendant got into an argument and a physical altercation ensued. Mr.

Lancaster testified he saw defendant hit Mr. Anderson with a crowbar and a bat and

spray fire at Mr. Anderson using an aerosol can and a lighter. Mr. Lancaster tried to

break up the fight, and defendant stabbed him in the leg with a knife from his back

pocket.

 Defendant also testified in his own defense. Defendant said he was renting a

room from Mr. Lancaster. One Friday Mr. Lancaster came home and told defendant

if he messed with one of the women who was visiting the home he would “cut [his]

guts out.” Defendant left the house on Saturday morning and did not return until

 -2-
 STATE V. COBURN

 Opinion of the Court

Sunday. Defendant was packing up when Mr. Lancaster and his son1 threatened

defendant; defendant called 911. The police came and when they left, Mr. Lancaster,

Mr. Anderson, and Mr. Lancaster’s son went into defendant’s room, “cornered me in

the back of my bedroom and was jumping at me” and threatened defendant.

Defendant called 911 again because he “needed help,” and he “was scared they were

going to, you know, really hurt me, jump on me.” Defendant claimed he was

defending himself when he pulled out the knife.

 Defendant was indicted for assault with a deadly weapon with intent to kill

inflicting serious injury and attempted voluntary manslaughter. The trial court

dismissed some of the charges against defendant and submitted only assault with a

deadly weapon inflicting serious injury to the jury, and the jury found defendant

guilty. The trial court entered judgment and sentenced defendant to a minimum of

29 months and a maximum of 44 months imprisonment. Defendant appeals.

 II. Preservation of Issue on Appeal

 Defendant’s only issue on appeal is whether the trial court erred in failing to

instruct the jury on defense of habitation. The State contends defendant failed to

preserve this issue for appeal because he did not request an instruction regarding

defense of habitation. Defense of habitation was discussed from the beginning of the

1 The record does not include the age of Mr. Lancaster’s son, but it appears he was an adult. Mr.
Lancaster’s son left the scene “before the Sheriff got there” so the extent of his participation in the
incident is not clear.

 -3-
 STATE V. COBURN

 Opinion of the Court

trial, based upon a pretrial motion, until the end, during the charge conference.

Defendant filed several motions prior to trial; one alleged he was immune from

prosecution based upon defense of habitation under North Carolina General Statutes

§§ 14.51.2 and 15A-954. The trial court denied defendant’s pretrial motion to dismiss

based upon “immunity” from prosecution and defendant has not challenged this

ruling appeal. After all of the evidence was presented, defendant made several more

motions, particularly regarding self-defense and the alleged defender’s reasonable

belief of the need to use force. Defendant did argue for defense of habitation. The

trial court then stated,

 I’m going to talk with each of the lawyers as we do this, so
 we kind of have an idea what’s coming, and then get it
 firmly on the record. . . . Let’s officially be in recess until a
 quarter to 2:00, and but let me speak to you all in
 chambers.

 Upon return to the courtroom the trial court stated, “I appreciate the

assistance and professional attitude of counsel as we worked through lunch

addressing some of these issues.” The trial court listed the introductory pattern jury

instructions it intended to give and then addressed the jury instructions regarding

self-defense and stated,

 Now, on the substantive charge, particularly as to the self-
 defense, the same issues, which were challenging in 14-
 51.2 and 14-51.3 made this, ah . . . charge challenging;
 however, we’re proceeding with assault with a deadly
 weapon inflicting serious injury.

 -4-
 STATE V. COBURN

 Opinion of the Court

 And then, including the defense of self-defense.
 When you go to the self-defense instruction, 308.45, in the
 pattern jury instruction, which, of course, is not the law,
 but is a dedicated attempt to properly instruct on the law,
 that instruction, 308.45, has a note well where it says if the
 assault occurred in the Defendant’s home, place of
 residence, or place of motor vehicle, use North Carolina
 Pattern Jury Instruction 308.8, defense of habitation. And
 we looked at that, the Court looked, and all of us looked
 together at that defense of habitation. It . . . under the facts
 as -- or the evidence as it’s developed, and in this case, I
 mean I really think all of us agreed, but I’ll speak only for
 the Court. That under the evidence as we’ve heard, 308.45,
 that self-defense instruction fit best and was appropriate
 even under the law in the facts or the evidence as it’s come
 up here[.]

The trial court then asked, “Anybody wish to be heard on these instructions?” The

State’s attorney did not and defendant’s attorney stated:

 Judge, the only exception the Defendant would note is in
 the self-defense instruction 308.45, it provides that if the
 circumstances would have created a reasonable belief in
 the mind of a person of ordinary firmness, we believe that
 to be an inaccurate statement under the law, under 14-
 51.3, and if you would note our exception to that portion for
 the record, Judge.

Defendant did not request an instruction on defense of habitation under North

Carolina General Statute § 14-52.2.

 The trial court later brought up defense of habitation again, stating,

 Also, the, ah . . . but there was certainly timely filed a notice
 of self-defense by the Defendant, there was no specific
 request for the defense of habitation, or abode or whatever
 it’s called. But, ah . . . and there was some discussion
 whether that had to be mandatory, because it’s in a house

 -5-
 STATE V. COBURN

 Opinion of the Court

 that, ah -- stated the reasons that we’re proceeding here
 which seemed applicable to the evidence in this case.

The trial court again noted self-defense as the appropriate instruction and asked if

defendant’s attorney would like to say anything further to which he responded, “No,

sir.”

 The trial court then instructed the jury as to self-defense and not as to defense

of habitation, and once the jury had left the courtroom asked counsel, “Are there any

additions or corrections to the instructions as they were read?” Defendant’s counsel

renewed the earlier request regarding the wording of the “reasonable belief” portion

of the self-defense instruction. At 4:59 p.m., the trial court brought the jury back into

the courtroom and had them recess for the evening; again, the trial court asked if

defendant’s counsel had anything further, and he did not.

 The following day, the jury reached its verdict, and at no point during the

charge conference or the conversations until the close of the trial did defendant’s

attorney mention giving a jury instruction on the defense of habitation. Yet on

appeal, defendant raises only one issue – that the trial court erred in failing to give a

defense of habitation instruction.

 Defendant contends this issue regarding the instruction on defense of

habitation is preserved because the charge conference was not recorded in its entirety

in contravention of North Carolina General Statute § 15A-1231. North Carolina

General Statute § 15A-1231 provides:

 -6-
 STATE V. COBURN

 Opinion of the Court

 (b) Before the arguments to the jury, the judge
 must hold a recorded conference on instructions out of the
 presence of the jury. At the conference the judge must
 inform the parties of the offenses, lesser included offenses,
 and affirmative defenses on which he will charge the jury
 and must inform them of what, if any, parts of tendered
 instructions will be given. A party is also entitled to be
 informed, upon request, whether the judge intends to
 include other particular instructions in his charge to the
 jury. The failure of the judge to comply fully with the
 provisions of this subsection does not constitute grounds
 for appeal unless his failure, not corrected prior to the end
 of the trial, materially prejudiced the case of the defendant.

 (c) After the arguments are completed, the judge
 must instruct the jury in accordance with G.S. 15A-1232.

 (d) All instructions given and tendered
 instructions which have been refused become a part of the
 record. Failure to object to an erroneous instruction or to
 the erroneous failure to give an instruction does not
 constitute a waiver of the right to appeal on that error in
 accordance with G.S. 15A-1446(d)(13).

N.C. Gen. Stat. § 15A-1231 (2017).

 Defendant contends that the trial court and counsel discussed the jury

instructions during the lunch break and the entire conference was therefore not

recorded. Defendant essentially argues that if all of a charge conference is not

recorded, the defendant can raise any issue regarding the instructions on appeal

because the statute requires the conference to be recorded and if it is not, there is no

way of knowing all of the issues raised before the trial court. We agree that North

Carolina General Statute § 15A-1231 provides that the entire charge conference

 -7-
 STATE V. COBURN

 Opinion of the Court

should be recorded, and that is the better practice, but where the entire charge

conference is not recorded, defendant must show he was “materially prejudiced”

based upon the trial court’s failure to comply: “The failure of the judge to comply fully

with the provisions of this subsection does not constitute grounds for appeal unless

his failure, not corrected prior to the end of the trial, materially prejudiced the case

of the defendant.” Id.

 In these circumstances, even though a portion of the conference was not

recorded, defendant cannot show material prejudice from the failure to record the

entire conference. See id. Before the trial court spoke with counsel off the record

during the break, he clarified he wanted to ensure that when they returned all of the

issues would be “firmly on the record.” The trial court summarized on the record the

discussions with counsel regarding the jury instructions during lunch; defendant had

no objections or additions to the trial court’s summary regarding the defense of

habitation. In addition, on the record, the trial court twice mentioned the possibility

of giving an instruction on defense of habitation and invited counsel to address this

issue. But defendant instead focused on the self-defense instruction, specifically on

the portion regarding reasonable belief, but did not mention or request defense of

habitation, despite the extensive discussion of defense of habitation prior to the

charge conference. Further, even after the instructions were given, defendant failed

to raise any objection regarding the defense of habitation. Although some discussion

 -8-
 STATE V. COBURN

 Opinion of the Court

regarding jury instructions was not recorded, the possibility of providing a jury

instruction regarding defense of habitation was discussed at length on the record.

Despite direct questions by the trial court, defendant did not request the instruction.

We agree with the State that defendant has not shown material prejudice from failure

to record the entire charge conference. See id.

 Defendant next contends that even if his argument regarding instruction on

defense of habitation was not properly preserved, the trial court plainly erred in

failing to instruct the jury on defense of habitation.

 Because our courts operate using the adversarial
 model, we treat preserved and unpreserved error
 differently. . . . Unpreserved error in criminal cases . . . is
 reviewed only for plain error.
 ....
 For error to constitute plain error, a defendant must
 demonstrate that a fundamental error occurred at trial. To
 show that an error was fundamental, a defendant must
 establish prejudice—that, after examination of the entire
 record, the error had a probable impact on the jury’s
 finding that the defendant was guilty. Moreover, because
 plain error is to be applied cautiously and only in the
 exceptional case, the error will often be one that seriously
 affects the fairness, integrity or public reputation of
 judicial proceedings[.]

State v. Lawrence, 365 N.C. 506, 512-18, 723 S.E.2d 326, 330-34 (2012) (citations and

quotation marks omitted).

 But plain error review is not available where the defendant has invited the

error he seeks to raise on appeal:

 -9-
 STATE V. COBURN

 Opinion of the Court

 It is well established that a defendant who causes or joins
 in causing the trial court to commit error is not in a position
 to repudiate his action and assign it as ground for a new
 trial. Under the doctrine of invited error, a party cannot
 complain of a charge given at his request, or which is in
 substance the same as one asked by him. Moreover, a
 defendant who invites error waives his right to all
 appellate review concerning the invited error, including
 plain error review.

State v. Jones, 213 N.C. App. 59, 67, 711 S.E.2d 791, 796 (2011) (citations, quotations,

ellipses, and brackets omitted).

 As discussed above, the theory of defense of habitation under North Carolina

General Statute § 14-52.2 was addressed several times during the trial. Although a

portion of the charge conference was not recorded, defendant cannot show material

prejudice as to the instructions as to self-defense and specifically defense of

habitation because this issue was discussed on the record. The trial court specifically

asked about giving this instruction twice, and defendant did not request it, nor did

defendant request any addition to the instructions after they were given. Because of

the extensive discussion regarding defense of habitation, defendant’s failure to

request an instruction on defense of habitation, and defendant’s failure to object to

the instructions as given, if there was any error in failing to provide the instruction,

this error was invited and is not subject to plain error review. See id. This argument

is overruled.

 III. Conclusion

 - 10 -
 STATE V. COBURN

 Opinion of the Court

For the foregoing reasons, we conclude there was no error in defendant’s trial.

NO ERROR.

Chief Judge McGEE and Judge MURPHY concur.

 - 11 -